**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Case No. 17-03049-01-CR-S-BCW |
| **Plaintiff,** | ) Springfield, Missouri<br>) January 9, 2018 |
| **v.** | ) |
| **RANDALL HALE,** | ) |
| **Defendant.** | ) |

**TRANSCRIPT OF HEARING ON CHANGE OF PLEA**
**BEFORE THE HONORABLE DAVID P. RUSH**
**UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Mr. James J. Kelleher<br>Assistant United States Attorney<br>901 St. Louis St., Ste. 500<br>Springfield, MO 65806<br>(417) 831-4406 |
| For the Defendant: | Mr. David R. Mercer<br>Federal Public Defender's Office<br>901 St. Louis St., Ste. 801<br>Springfield, MO 65806<br>(417) 873-9022 |
| Court Audio Operator: | Ms. Karla Berziel |
| Transcribed by: | Rapid Transcript<br>Lissa C. Whittaker<br>1001 West 65th Street<br>Kansas City, MO 64113<br>(816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

(Court in Session at 1:33 p.m.)

THE COURT: Calling in *United States vs. Randall Hale*. The defendant appears in person along with his attorney, Mr. David Mercer. The United States appears by Assistant United States Attorney, Mr. Jim Kelleher. This matter is set this afternoon for a change of plea to the Indictment returned against this defendant on April the 6th of 2017. Mr. Hale, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you've signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. Mr. Hale, are you understanding me? All right. You looked like you were starting to nod off and so if you could put your focus up on the Court, I need to be sure that you understand everything that's taken place and that you're not falling asleep during the plea colloquy. Even though you signed this consent, as I've indicated, you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the United States establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to be

1  present and to confront and cross-examine witnesses. You have a
2  right to use the power of the court to subpoena evidence on your
3  behalf and you have a right to testify or not testify as you
4  would choose. And if you chose not to testify it would not be
5  held against you as that is your right. If, after understanding
6  the charge against you, the range of punishment, if convicted,
7  and your right to appear before a District Judge, if you wish,
8  you may waive or give up that right and proceed this afternoon
9  before the Magistrate Judge. As I indicated, you have signed
10 such a consent. Do you understand that you have a right to
11 appear before a United States District Judge, a judge of higher
12 jurisdiction, for these proceedings?
13        MR. HALE: Yes, sir.
14        THE COURT: And is it your desire to give up that right
15 and proceed this afternoon before the Magistrate Judge?
16        MR. HALE: Yes, sir.
17        THE COURT: And if you wouldn't mind, I can hear you
18 just fine, Mr. Hale, but the microphones in the courtroom are
19 directional and there will be a transcript made of this hearing.
20 You don't need to lean into it but if you can just speak up. I
21 note that you're somewhat soft-spoken but I'll just need you to
22 speak up a bit. Mr. Hale, do you understand the charge against
23 you in the Indictment in this case?
24        MR. HALE: Yes, sir.
25        THE COURT: Do you understand that if convicted of the

1  charge, that the maximum penalty the court may impose is not more
2  than 10 years imprisonment, not more than a $250,000 fine, not
3  more than three years supervised release, and a $100 mandatory
4  special assessment?
5         MR. HALE:  Yes, sir.
6         THE COURT:  And to the charge in the Indictment, how do
7  you wish to plead, guilty or not guilty?
8         MR. HALE:  Guilty.
9         THE COURT:  Would you please raise your right hand as
10 best you can?
11              RANDALL HALE, DEFENDANT, SWORN
12        THE COURT:  Has anyone made any threat of any kind to
13 force you to plead guilty or get you to give up any of the other
14 rights we've discussed this afternoon?
15        MR. HALE:  No.
16        THE COURT:  Has anyone promised you anything to induce
17 you or overcome your will to get you to plead guilty or give up
18 any of the other rights we've discussed?
19        MR. HALE:  No.
20        THE COURT:  I mentioned to you that there was a
21 supervised release term of not more than three years that could
22 be imposed in your case.  Do you understand that if that term
23 were imposed and then revoked for any reason, that you could be
24 required to serve an additional term of imprisonment of not more
25 than two years, and if that happened, you would receive no credit

1 for any other time you had spent either in custody or on release?
2     MR. HALE: Yes.
3     THE COURT: And do you understand that the District
4 Court could then impose an additional term of supervised release,
5 which is governed by the maximum of the statute, minus any time
6 you'd spent in custody as a result of a violation?
7     MR. HALE: Yes.
8     THE COURT: Do you understand that from a sentence
9 imposed in your case that there is no parole?
10     MR. HALE: Yes.
11     THE COURT: Do you understand that there are Sentencing
12 Guidelines to which the District Court would refer to in an
13 advisory capacity when attempting to fashion a reasonable
14 sentence in your case?
15     MR. HALE: Yes.
16     THE COURT: Have you discussed the guidelines with your
17 attorney?
18     MR. HALE: Yes.
19     THE COURT: And do you understand them?
20     MR. HALE: Yes.
21     THE COURT: Do you understand that the final decision as
22 to how the guidelines are calculated and ultimately what sentence
23 will be imposed rests with the District Judge?
24     MR. HALE: Yes.
25     THE COURT: If the District Judge would calculate the

guidelines differently from what you've discussed with Mr. Mercer, that fact would not give you the right to withdraw or change your plea of guilty. Do you understand that?

MR. HALE: Yes.

THE COURT: Once the District Judge establishes the advisory guideline range, in some circumstances, you could be sentenced above that range and, in other circumstances, you could be sentenced below that range. And again, the judge's decision, if you disagreed, would not give you the right to withdraw your plea of guilty. Do you understand that?

MR. HALE: Yes.

THE COURT: Now, Mr. Hale, you have a right to a trial by jury with all the protections that I explained to you at the beginning of these proceedings. Do you understand your right to a trial by jury?

MR. HALE: Yes.

THE COURT: And do you understand that if the court accepts your plea of guilty that there won't be a trial?

MR. HALE: Yes.

THE COURT: Now I'm going to ask you about the offense charged in the Indictment in this case. I would remind you that you are under oath. You must answer truthfully. Any false answers could result in charges of false swearing or perjury. You always have the right to remain silent. I want you to listen carefully because in just a moment I'm going to ask the attorney

for the United States to state for the record the evidence that he believes that he could present at trial to prove or establish your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. After he's finished, I'm going to ask you if you in fact did the things that he states for the record he believes he can prove beyond a reasonable doubt. Mr. Kelleher.

MR. KELLEHER: Had this case proceeded to trial the Government would have established that on or about November 21, 2016, members of the Springfield Police Department and Greene County Sheriff's Office arrested the defendant, Randall Hale, after a pursuit. After the defendant was apprehended the truck that the defendant had been operating was searched resulting in the recovery of multiple rounds of ammunition, a Springfield Arms Company, Model 1911, .45-caliber pistol, a Browning Arms Company, Model X Bolt 7mm rifle and an O.F. Mossberg & Sons, Model Patriot .243-caliber rifle. The defendant was later questioned and admitted that he knowingly possessed the firearms located in the truck. The defendant had been previously convicted of vandalism, second-degree burglary, grand theft, petty theft, receiving stolen property and the sale of marijuana. Each of the convictions are felonies punishable by terms of imprisonment exceeding one year under the laws of the state of California. The firearms were determined to have been manufactured outside the state of Missouri and were operational at the time of the offense.

8

1  THE COURT: Mr. Hale, did you in fact do the things that
2  the Government has stated they can prove beyond a reasonable
3  doubt?
4  MR. HALE: Yes.
5  THE COURT: Mr. Mercer, you've had access to the
6  Government's discovery file in this case, have you not?
7  MR. MERCER: Yes, I have, Your Honor.
8  THE COURT: And based upon your review of the discovery
9  file, are you satisfied if put to proof, that the United States
10 could make a submissible case as to all the elements pertaining
11 to the Indictment in this case --
12 MR. MERCER: Yes.
13 THE COURT: -- and as stated in factual basis by the
14 Government?
15 MR. MERCER: Yes, Your Honor.
16 THE COURT: There is an adequate factual basis for the
17 plea of guilty to the Indictment. I find that the plea is
18 voluntary and did not result from force, threats or promises.
19 Mr. Hale, you are represented in this case by Mr. Mercer. Have
20 you had enough time to talk with him about your case?
21 MR. HALE: Yes.
22 THE COURT: Are you satisfied with the advice that he's
23 given you?
24 MR. HALE: Yes.
25 THE COURT: The law requires me to ask you if this

1  afternoon you are on any medication prescribed by a physician or
2  any drugs or alcohol of any kind which would affect your ability
3  to understand these proceedings?
4      MR. HALE:  No.
5      THE COURT:  Understanding that and the other matters
6  that we've discussed this afternoon, is it your desire for the
7  court to accept the plea of guilty?
8      MR. HALE:  Yes.
9      THE COURT:  Mr. Kelleher, on behalf of the United
10 States, do you have any other record under Rule 11 that you think
11 I need to make?
12     MR. KELLEHER:  No, Your Honor.
13     THE COURT:  Mr. Mercer, on behalf of the defendant, do
14 you have any other record under Rule 11 that you think I need to
15 make?
16     MR. MERCER:  No, Your Honor.
17     THE COURT:  I will recommend the plea of guilty be
18 accepted and I will order a Presentence Investigation to be
19 conducted by the Probation Office.  Mr. Hale, good luck to you,
20 sir.  That will conclude this matter.  Conner, if you want to
21 come back to chambers my courtroom deputy will bring you on back
22 following this hearing.  But we'll be in recess.  Thank you.
23     (Court Adjourned at 1:42 p.m.)

10

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker          January 16, 2018
Signature of transcriber            Date